IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YONGCHANG ZHANG,<br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br>　　　　　*Defendants*. | Civil Action No.<br><br>**FILED UNDER SEAL** |

## COMPLAINT

Plaintiff, Yongchang Zhang ("Plaintiff" or "Mr. Zhang"), by and through his undersigned attorney, brings this patent infringement action against Defendants, the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

### NATURE OF ACTION

1. Mr. Wang is an inventor and founder of a pet and toy product manufacturing firm in China. He brings this action to combat Defendants' infringement of his U.S. Patent No. 11,786,079 (the "'079 Patent"). Attached hereto as **Exhibit 1** is a true and correct copy of the certificate of the '079 Patent.

2. E-commerce has exposed intellectual property right holders such as Mr. Wang to significant harm from infringers hiding behind pseudoidentities. While Mr. Wang is investing heavily into his '079 Patent and gaining consumer trust and goodwill through carefully sourced materials, superb quality control, innovative manufacturing techniques, effective marketing and distribution strategies, and responsive customer support, Defendants are using online storefronts,

1

aliases, sham companies, and other forms of pseudoidentities to sell infringing products and to trade upon Mr. Zhang's established reputation and goodwill.

3. Because of Defendants' infringing activities alleged herein, Mr. Wang has been and continues to be irreparably damaged through loss of market share and erosion of his patent rights and therefore seeks injunctive and monetary relief.

## PARTIES

**Plaintiff**

4. Plaintiff Mr. Zhang is a Chinese citizen with a primary address at No. 23, Qingfeng 3rd Road, Zhen Village, Yuanzhou Town, Boluo County, Huizhou City, Guangdong Province, China.

**Defendants**

5. Defendants are individuals and/or business entities of unknown forms who are currently identified by their online store names or aliases, online store URLs, and/or other forms of pseudoidentities listed on Schedule A attached hereto.

6. Upon information and belief, Defendants reside and/or conduct business in the United States and foreign jurisdictions such as the People's Republic of China, source products from the same or similar suppliers in those locations, and/or import their products to shipping and fulfillment centers within the United States for distribution across the United States.

7. Upon information and belief, Defendants target their business activities toward consumers throughout the United States, including within this district, by conducting pervasive business activities on online marketplace platforms such as Amazon.com, social media platforms, and/or fully interactive e-commerce websites through Defendants' operation of, or assistance in

the operation of, the fully-interactive online stores and merchant accounts identified on Schedule A (collectively, "**Defendants' Online Stores**").

8. Defendants appear to be an interconnected group of individuals or business entities, as Defendants' Online Stores bear common or similar identifiers such as common or similar design elements, common choice of online marketplace platform, the same or substantially similar products, the same or substantially similar product descriptions, the same or similar pricing and sales promotions, and/or the same or substantially similar purchasing and order fulfillment methods. The foregoing similarities establish a logical relationship among Defendants' Online Stores and suggest that Defendants' e-commerce counterfeit and infringement operations arise out of the same series of transactions or occurrences.

9. As specified hereinafter, Defendants employ common or similar tactics to conceal their true identifies and the full scope of their interworking, and to avoid being shut down or held accountable for their activities. Such tactics make it virtually impossible for Plaintiff to learn the precise scope and mechanism of Defendants' counterfeit network. In the event that more information about Defendants' identities come into light through discovery, Plaintiff will take appropriate steps to amend the Complaint.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 271 (patent infringement), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (action arising under the Patent Act).

11. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business and maintain continuous contacts in the Commonwealth of Pennsylvania,

including in this district. Moreover, Defendants have specifically promoted, marketed, advertised, offered to sell, and sold infringing products to consumers in Pennsylvania.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(b)(3) because a substantial part of the events giving rise to the claims occurred in this district, and because each of Defendants directly target consumers in this district through the operation of Defendants' Online Stores. Defendants are involved in the production, marketing, offering for sale, sale, and/or shipping of infringing products to the consumers in this district. Further, Defendants have committed and knowingly participated in the commission of tortious acts causing substantial injury to Plaintiff in the Commonwealth of Pennsylvania, including in this district.

## COMMON FACTUAL BACKGROUND

**Plaintiff's '079 Patent**

13. Plaintiff Mr. Zhang is an experienced entrepreneur who has been primarily engaged in the pet and toy product manufacturing business since 2008.

14. Mr. Zhang is the founder and principal of Huizhou Dayuan Industrial Co., Ltd., a Chinese limited company based in Huizhou City, Guangdong Province ("Dayuan Industrial").

15. Since its formation in 2018, Dayuan Industrial has become a major manufacturer of one-piece foldable pet water basins, which are convenient to wash pets outdoors and take less space to store.

16. Mr. Zhang oversees the day-to-day operations and the product research and development of Dayuan Industrial and has gained hands-on practical experience with the development and manufacturing of pet water basin products.

17. Through his entrepreneurship, Mr. Zhang noticed that the existing products in the market had short lifespans, poor durability, and limited sizes. He found that these problems were

caused by the elastic nature of the PVC material of which the basins are made of. Specifically, when the wall of the basin, which is double-layered, is entirely made of elastic PCV materials, the outer layer of the wall is susceptible to inclination and splitting when the increasing load of water forces the inner layer of the wall to stretch beyond its limits. Because of the poor durability, the size of the existing water basins is usually limited to 1.8 meters (5.9 feet) in diameter.

18. To solve these problems, Mr. Zhang invented a new one-piece foldable pet water basin that features, among other things, a basin wall reinforced by an enclosed inelastic mesh, which keeps the basin wall strong and insusceptible to deformity.

19. Mr. Zhang patented his invention in various jurisdictions, including in China, the United Kingdom, and in the United States as the '079 Patent.

20. Mr. Zhang is the named inventor and lawful owner of all right, title, and interest in and to the '079 Patent, including the right to enforce and sue for damages.

21. The '079 Patent was issued by the United States Patent and Trademark Office on October 17, 2023, with the title of "Polygonal One-piece Foldable Water Basin." *See* Exh. 1

22. The '079 Patent is valid and enforceable at all times relevant herein and is entitled to a presumption of validity under 37 U.S.C. § 282.

23. The '079 Patent generally relates to a one-piece pet water basin with a polygonal base and a foldable wall that is reinforced by an inelastic mesh. An example of a product embodying the '079 Patent is pictured in the following diagram:



*Diagram 1*
*Photograph of an Exemplary Authorized Product*

24. By enclosing the mesh in the tarpaulin that forms the wall, the '079 Patent ensures that the diameter of the water basin can be indefinitely large and exceeds the previous limit of 1.8 meters (5.9 feet). An example of said mesh is pictured in the following diagrams:



*Diagram 2*
*Photograph of the Inelastic Mesh*
*Used to Reinforce the Wall of*
*an Exemplary Authorized Product*

25. An exemplary product applying the '079 Patent typically has a wall with intersecting ridges on the surface, which is caused by the enclosure of inelastic mesh inside the basin wall, as illustrated in the diagram below.

6



*Diagram 3*
*Photograph Showing Intersecting Ridges*
*on the Wall of an Exemplary Authorized Product,*
*Which Has the Mesh Enclosed*

26. Mr. Zhang's invention makes foldable pet water basins stronger, more durable, and can bath pets of various sizes. Because of these benefits, the products applying his invention became an instant success.

27. Through authorized online retailers and/or distributors, Mr. Zhang has caused the sale of at least 300,000 products embodying the '079 Patent (the "**Authorized Products**") around the world, including in the United States.

28. Thanks to the novelty and practicality of the '079 Patent, the sale revenue of the Authorized Products has surpassed $420 million in total, or approximately $120 million on average per year.

29. The Authorized Products have received tens of thousands of positive customer feedbacks.

30. The positive customer feedbacks and significant sales associated with the Authorized Products appeal to the consumers in the United States, who are more likely to make their purchasing decisions based on such data and information.

31. The commercial success of the Authorized Products is also due to the use of the highest quality materials and Mr. Zhang's supervision and control over the manufacturing process at Dayuan International.

32. Because of its commercial success, the '079 Patent represents substantial goodwill, which is incalculable and of inestimable value to Mr. Zhang.

33. Mr. Zhang strives to protect and enforce his rights to and in the '079 Patent. No one other than a selected group of online retailers and distributors is authorized to import, export, advertise, market, distribute, offer for sale, or sell any goods embodying the '079 Patent without his permission.

34. Mr. Zhang marks the Authorized Products protected by the '079 Patent through Dayuan International's official webstore.

**Defendants' Infringing Activities**

35. Defendants applied, manufactured, imported, offered for sale, and/or sold pet water basin products applying the '079 Patent (collectively, "**Defendants' Infringing Products**") in interstate commerce through Defendants' Online Stores.

36. Specifically, Defendants' Infringing Products are polygonal one-piece pet water basin featuring reinforced basin walls with mesh enclosed in the tarpaulin, as illustrated in the following product images provided by one of the Defendants:

 

*Combined Diagram 4*
*Product Images Downloaded from An Exemplary*
*Infringing Amazon.com Listing*
*by Defendant JoyinDirect under the brand name SLOOSH*
*(Left: Image showing the folding process;*
*Right: Image showing the mesh enclosed in the basin wall)*

37. Mr. Zhang further confirms Defendants' infringement by visually inspecting the actual products sold through Defendants' Online Stores, an example of which is pictured below:



9

*Diagram 5*
*Photograph of An Exemplary*
*Defendant's Infringing Product, sold by*
*Defendant JoyinDirect under the brand name SLOOSH*

38. None of Defendants has ever been authorized sellers or licensees of the '079 Patent.

39. Mr. Zhang has never consented to Defendants' making, using, offering for sell, and selling of Defendants' Infringing Products in the United States.

40. Upon information and belief, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Defendants' Infringing Products in the same transaction, occurrence, or series of transactions or occurrences by at least the following means:

   a. Setting up multiple storefronts and/or fictitious seller aliases with false, misleading and/or incomplete information on online marketplace platforms to prevent discovery of their true identities and the scope of their e-commerce operations;

   b. Employing templates on their Online Stores with common design elements and similar product descriptions;

   c. Offering for sale Infringing Products bearing similar irregularities and indicia suggesting that they were manufactured by and come from a common source; and/or

   d. Applying substantially similar advertising and marketing strategies so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers.

41. To exchange and share tactics for operating multiple accounts, evading detection, and circulating information regarding pending and potential anti-infringement litigations, online store operators like Defendants are in constant communication with each other by regularly participating in group chats via QQ and WeChat and accessing websites that educate infringers on how to avoid infringement liabilities.

42. Defendants use their Online Stores, Amazon seller identification numbers, payment accounts, and other online identities, including those set forth on Schedule A, to accept, receive, process, and deposit payments generated from Defendants' infringing activities.

43. Through their infringing activities, Defendants have amassed substantial revenues and profits riding on the invention embodied in the '079 Patent and its associated goodwill.

44. As Defendants' businesses are entirely operated virtually while most of their operators and owners are located overseas, Defendants are in the position to readily conceal, convert, and transfer their assets to avoid payment of any monetary damages to Mr. Zhang.

45. Defendants have actual and constructive knowledge of Mr. Zhang's rights in and to the '079 Patent.

46. Defendants have actual and constructive knowledge that they do not have authorization, consent, permission, or license by Mr. Zhang to apply the '079 Patent on their Infringing Products.

47. Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Mr. Zhang's rights in and to the '079 Patent. If Defendants' intentional infringing activities are not preliminarily and permanently enjoined by this Court, Mr. Zhang will be continuously and irreversibly harmed.

## COUNT I
### Patent Infringement

**(35 U.S.C. § 271(a))**

48. Mr. Zhang repeats and reiterates the allegations set forth above as though fully set forth at length herein.

49. Mr. Zhang is the exclusive owner of all right, title, and interest in and to the '079 Patent.

50. Defendants have infringed and continue to infringe literally and under the doctrine of equivalents one or more claims of the '079 Patent, including at lease claims 2 through 5, by, without authorization from Mr. Zhang, making, importing, using, importing, offering for sale, or selling in the United States, including in the Commonwealth of Pennsylvania and within this District, Defendants' Infringing Products in violation of 35 U.S.C. § 271.

51. Defendants' Infringing Products meet all the elements of at least claims 2 through 5 of the '079 Patent.

52. Defendants' acts of infringement of the '079 Patent were undertaken without Mr. Zhang's consent, permission, or license.

53. Upon information and belief, Defendants have knowledge of Mr. Zhang's rights in the '079 Patent and are willfully infringing such patent rights.

54. Upon information and belief, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Defendants' Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

55. Defendants' acts of infringement have been willful and deliberate as Defendants have notice of or knew of the '079 Patent but nonetheless infringe it.

56. Mr. Zhang has no adequate remedy at law, and if Defendants' actions are not primarily and permanently enjoined, Mr. Zhang will continue to suffer irreparable harm to his rights associated with the '079 Patent.

57. The injuries and damages sustained by Mr. Zhang have been directly and proximately caused by Defendants' infringement of the '079 Patent.

58. Based on Defendants' acts of infringement of the '079 Patent, Mr. Zhang is entitled to injunctive relief under 35 U.S.C. § 283, damages under 35 U.S.C. § 284, including but not limited to all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages, costs and interest, as well as reasonable attorney's fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yongchang Zhang prays for judgment against Defendants and an award of reliefs as follows:

(1) Entry of temporary, preliminary, and permanent injunctions pursuant to 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65, enjoining Defendant, together with its employees, agents, partners, officers, directors, owners, shareholders, members, principals, subsidiaries, affiliates, branches, licensees, assignees, and all persons in active concert or participation with any of them, from the following acts –

   a. Manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell in the United States any products that infringe upon Mr. Zhang's '079 Patent; and

   b. Assisting, aiding, or abetting any other person or entity in engaging in infringing upon Plaintiff's '079 Patent.

(2) Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a) (The All Writs Act), and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services or other support to Defendants in connection with the sale and distribution of goods that infringe upon the '079 Patent;

(3) Entry of an order directing Defendant to destroy and remove all products, online product listings, packaging, signage, advertisements, promotional materials, stationery, forms, and/or any other materials and things that infringe upon the '079 Patent;

(4) Entry of an award of damages adequate to compensate Plaintiff under 35 U.S.C. § 284, but in no event less than the reasonable royalties for Defendants' use of the '079 Patent, together with interest and costs as fixed by the Court, with the amount of actual damages trebled or otherwise heightened under 35 U.S.C. § 284;

(5) Entry of an order directing Defendants to account for and pay to Plaintiff any and all profits arising from Defendants' infringement of the '079 Patent;

(6) A finding that this is an exceptional case and entry of an award of reasonable attorneys' fees to Plaintiff under 35 U.S.C. § 285;

(7) Entry of an award of pre- and post-judgment interest on the judgment amount;

(8) Entry of an order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with Defendants' Online Stores, used by

Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

(9) Granting any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted,

Dated: July 25, 2025          By:   /s/ Bole Yuan
                                    BOLE YUAN

**LAW OFFICE OF BOLE YUAN, ESQ.**
1617 John F. Kennedy Blvd., Suite 1060
Philadelphia, PA 19103
T: (215)901-8324
Email: stevenyuan@lawvictor-ip.com

*Attorney for Plaintiff, Yongchang Zhang*